Law Office of Shmuel Klein, P.A.
Attorney for Debtor
113 Cedarhill Avenue
Mahwah, NJ 07430
845-425-2510

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------X
IN RE:                                              Chapter 13
Windzor Jean                                        Case No. 18-19690  (RG)
Debtor
_____X

## NOTICE OF MOTION TO REINSTATE CASE AND IMPOSE AUTOMATIC STAY

**TO ALL PARTIES:**

  **PLEASE TAKE NOTICE** that, a motion will be made as set forth below:

| | |
|---|---|
| JUDGE: | Honorable Rosemary Gambardella |
| RETURN DATE AND TIME: | July 17, 2019 |
| PLACE: | 50 Walnut Street<br>Courtroom 3E<br>Newark, NJ 07102 |
| RELIEF REQUESTED: | Motion to Reinstate Automatic Stay |
| BASIS FOR RELIEF REQUESTED: | Bankruptcy Rule 362 |

DATED: May 29, 2019
        Mahwah, NJ

                                                                /s/_Shmuel Klein_____
                                                                Shmuel Klein

Law Office of Shmuel Klein, P.A.
Attorney for Debtor
113 Cedarhill Avenue
Mahwah, NJ 07430
845-425-2510

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------X
IN RE:                                              Chapter 13
Windzor Jean                                        Case No. 18-19690  (RG)
Debtor
_____X

# CERTIFICATION IN SUPPORT OF MOTION TO IMPOSE AUTOMATIC STAY

COMES NOW the debtor, Windzor Jean , through their attorney Shmuel Klein and files this Motion to Reinstate the automatic stay case and states and alleges as follows:

1. The debtor filed a Chapter 13 petition with this Court on 05/11/2018 .

2. The Debtor had a prior case filed on 03/31/2017 and pending within the preceding one year of the current case but that case was dismissed on 10/13/2017. See case 17-16434.

3. Throughout the prior case, the debtor made his mortgage payments and his Trustee payments. There are no facts present in the prior case or the present case which could be interpreted as bad faith. In fact the Debtor has demonstrated good faith in making his payments and otherwise attending the Section 341 meeting and submitting all required documents.  I believe Debtor is up to date with the payments pursuant to his plan. The Debtor's plan is confirmable.

WHEREFORE, the debtor respectfully requests that the court reinstate the stay.

Dated: May 29, 2019                    ____/s/ Shmuel Klein_____
Mahwah, NJ                                         Shmuel Klein

Law Office of Shmuel Klein, P.A.
Attorney for Debtor
113 Cedarhill Avenue
Mahwah, NJ 07430
845-425-2510

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
-----------------------------------------------------------X
IN RE:                                                                    Chapter 13
Windzor Jean                                                     Case No. 18-19690  (RG)
Debtor
_____X

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO IMPOSE AUTOMATIC STAY

COMES NOW Debtor, Windzor Jean, through counsel, Law Office of Shmuel Klein PA and files this Memorandum of Law in further support of the Debtor's motion to reinstate the automatic stay.

Pursuant to Bankruptcy Code section 362(c)(3)(A) "if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . the stay . . . with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."

Once the automatic stay is terminated, the appropriate standard utilized by the courts to determine whether the automatic stay should be reimposed is the "injunctive principles [that] are more stringent than those applied under section 362(d) to continue the stay."*Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.),*878 F.2d 693, 701 (3d Cir.1989).

Throughout the prior case, the debtor made his mortgage payments and his Trustee payments. There are no facts present in the prior case or the present case which could be interpreted as bad faith. In fact the Debtor has demonstrated good faith in making his payments and otherwise attending the Section 341 meeting and submitting all required documents.

Bankrutcy Code section 105(a) permits a bankruptcy court to reimpose or issue a new stay that

has otherwise lapsed or been terminated.    2 Collier On Bankruptcy ¶ 105.03-.04 (Lawrence P. King ed., 15th ed. 1995);  see also In re Wedgewood Realty Group, Ltd., 878 F.2d 693, 701 (3d Cir.1989); In re Martin Exploration Co., 731 F.2d 1210, 1214 (5th Cir.1984).

The Local Rules of this Court also permit the debtor to make a motion to reimpose the automatic stay.  See Order Reinstating **Automatic** Stay.docm Form:  Order Reinstating **Automatic** Stay 7-12-16.pdf.

WHEREFORE, the debtor respectfully requests that the court reinstate the stay.

Dated: May 29, 2019                                        /s/ Shmuel Klein
Mahwah, NJ                                                      Shmuel Klein