Law Office of Shmuel Klein, P.A.
Attorney for Debtor/Plaintiff
113 Cedarhill Avenue
Mahwah, NJ 07430
845-425-2510

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X

| | |
|---|---|
| IN RE: | Chapter 13 |
| Windzor Jean | Case No. 18-19690 (RG) |
| Debtor | |

_____X

| | |
|---|---|
| Windzor Jean , | |
|      Plaintiff | Adversary Case # 19- |
| v. | |
| Ocwen Loan Servicing LLC | |
| Secretary of Veterans Affairs | |

_____X

Windzor Jean (the "Plaintiff"), through his undersigned counsel, hereby alleges and complains against Ocwen Loan Servicing LLC (the "Defendant") as follows:

NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and sections 105 and 541 and 542 of title 11 of the United States Code (the "Bankruptcy Code") seeking turnover of property of the Plaintiff's bankruptcy estate.

JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Standing Order of Reference dated September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). 3. In the event that any part of this adversary proceeding is found to be "noncore," Plaintiff consents to the entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

PARTIES

4.Plaintiff is a debtor in the above-captioned Chapter 13 Case on 05/11/2018.

5.Defendant Ocwen Loan Servicing LLC is a subsidiary of Ocwen Financial Corporation which is a financial services holding company that, through its subsidiaries, is one of the largest mortgage companies in the United States. It is headquartered in West Palm Beach, Florida with offices located throughout the United States (U.S.) and in the United States Virgin Islands (USVI) and operations in India and the Philippines. Ocwen Financial Corporation is a Florida corporation organized in February 1988. With its predecessors, Ocwen has been servicing residential mortgage loans since 1988. It has originated forward mortgage loans since 2012 and reverse mortgage loans since 2013.

6.Defendant United States Department of Veterans Affairs (VA) is a federal Cabinet-level agency that provides near-comprehensive healthcare services to eligible military veterans at VA medical centers and outpatient clinics located throughout the country; several non-healthcare benefits including disability compensation, vocational rehabilitation, education assistance, home loans, and life insurance; and provides burial and memorial benefits to eligible veterans and family members at 135 national cemeteries. Plaintiff/Debtor is a United States Military Veteran who has received services from the Defendant VA.

BACKGROUND

7.On 05/11/2018 (the "Petition Date"), the above-captioned Debtor/Plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

8.The Debtor/Plaintiff's Plan was confirmed on 1/24/2019.

9.The Debtor/Plaintiff made post-petition mortgage payments since filing his prior case on 03/31/2017 and his Trustee payments. The Debtor/Plaintiff filed an amended plan extending the date for loss mitigation as Debtor/Plaintiff's submission to the mortgagee documents are stale and must be re-submitted. The Defendant Ocwen violated the automatic stay when it scheduled a sale of property of the estate and the Debtor/Plaintiff's home on October 2, 2018.

10. The current case was dismissed on 05/22/2019 because the Plaintiff did not complete his loss mitigation process before the dates included in his confirmed plan. A Motion To Reinstate Case was filed on 05/29/2019 with service of the motion on the Defendant Ocwen. The Court sent Notice of the hearing to the Defendant on 06/01/2019. The Hearing was rescheduled from 7/17/2019 to 08/21/2019 with further notice to the Defendant. Another motion to reinstate the case was filed by the Debtor/Plaintiff on 07/19/2019 with notice to the Defendants. No Defendant opposed the Plaintiff's motion to reinstate at any time, either at the initial filing or on any of the hearing dates. On 08/21/2019 which was the return date of the motion, the Court Ordered that the Order granting the motion to be submitted. Finally on 08/30/2019 the Court granted the Plaintiff's motion to reinstate the case. On the return date of the motion to reinstate, the Defendant Ocwen made an application for possession of the Plaintiff's property. Plaintiff alleges this was in bad faith as the motion to reinstate Plaintiff's bankruptcy case had been pending for a month. Plaintiff maintains that the Order of foreclosure, the Sale and the Writ of Possession are void.

11. Shortly after this case was dismissed but before it was reinstated, a Sheriff Sale was held on June 18, 2019 and the Defendant Ocwen assigned their bid to PHH Mortgage Corporation. PHH Mortgage Corporation is a Servicer for the Secretary of Veterans Affairs, an Officer of the United States. On July 22, 2019 PHH Mortgage Corporation further prepared a deed to Secretary of Veterans Affairs, an Officer of the United States which was recorded on July 30, 2019 instrument number 2019070434. The property of the estate and Plaintiff/Debtor's home was sold for $100.00 which amount was allowed a fraudulent transfer, which was made in exchange for grossly inadequate consideration.

THE PLAINTIFF'S RELATIONSHIP WITH DEFENDANTS

12. Plaintiff is a long time customer of the Defendant Ocwen and Plaintiff is a Military Veteran who has dealt with Defendant Secretary of Veternans Affairs for decades. Prior to the Petition Date, on 9/13/2010 the Plaintiff gave a mortgage to Defendant for a loan in the amount of $284,075.00. The

loan was modified on 3/19/15 and the principal balance increased $355,098.49. Plaintiff made numerous payments on the new mortgage, however, due to financial difficulties, fell behind and the Plaintiff filed for bankruptcy protection on 03/31/2017 but that case was dismissed on 10/13/2017. See case 17-16434. The Plaintiff made post-petition mortgage payments and made an application for loss mitigation in that case. Plaintiff filed his instant case on 05/11/2018 and continued to make post-petition mortgage payments to Defendant Ocwen. Both Defendants filed Notices of Appearances.

## CAUSES OF ACTION

13. Paragraphs 1 through 12 above are incorporated herein by reference as if fully set forth herein.

14. At the time Defendant Ocwen sold the estate's property to Defendant Secretary of Veterans Affairs, the proceeds of the sale thereof became property of Plaintiff and are now property of Plaintiff's bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

15. Pursuant to section 542 of the Bankruptcy Code, any party in possession, custody or control of property of the Plaintiff's bankruptcy estate must turn over and deliver such property or the value thereof to Plaintiff.

16. Defendant is in title of 190 Shepard Ave., East Orange, NJ (hereinafter "the Property") which is property of Plaintiff's bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

17. The Deed of the Property owed by the Defendant to Plaintiff is of significant value and benefit to Plaintiff's bankruptcy estate and its creditors.

18. Accordingly, pursuant to section 542(a) of the Bankruptcy Code, Plaintiff is entitled to an order of the Court directing Defendant to immediately turnover to Plaintiff the Deed of the Property.

19. Section 548 of the Bankruptcy Code provides that a trustee or DIP "may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor" within two years before a bankruptcy filing if the transaction was actually or constructively fraudulent.

20.     Section 548(c) sets forth a savings provision for certain good-faith transferees. It provides that, except to the extent a transfer or obligation is otherwise voidable under section 544, 545, or 547 of the Bankruptcy Code:

> a transferee or obligee . . . that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.

Section 548(c) thus requires both the provision of value and good faith, which, if established, permit a good-faith transferee to retain the transferred property "to the extent" it gave value to the debtor. *See Williams v. FDIC (In re Positive Health Mgmt.)*, 769 F.3d 899, 908 (5th Cir. 2014) (under the "netting approach," where a good-faith transferee gave value for a vessel that was less than reasonably equivalent value, the transfer was voidable only to the extent of the shortfall). Defendants gave far less than the value of the property and the transfer is voidable.

21.     Because the transfer is avoided under section 548, section 550(a) provides Plaintiff "may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property," from both initial and subsequent transferees of the transferred property.

22.     The Defendants are not good-faith transferees as they had notice of the Plaintiff's motion to reinstate and continued to accept mortgage payments between the time the case was dismissed and when it was reinstated.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants as follows: (a) Finding that the Deed of the Property of the Plaintiff is voidable and (ii) that Defendants must turnover said Deed of the Property to Plaintiff pursuant to section 542 of the Bankruptcy Code; and (b) Awarding Plaintiff such other legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/  Shmuel Klein
Shmuel Klein

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In the matter of:
Windzor Jean

Windzor Jean            Debtor

           Plaintiff(s)

Case No.    18-19690 (RG)

v.
Ocwen Loan Servicing LLC
Secretary of Veterans Affairs

Adversary No. _____

           Defendant(s)      Judge:    RG

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk | Martin Luther King, Jr. Federal Building<br>50 Walnut Street<br>Newark, NJ 07102 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney | Law Office of Shmuel Klein, P.A.<br>Attorney for Debtor/Plaintiff<br>113 Cedarhill Avenue<br>Mahwah, NJ 07430<br>845-425-2510 |
|---|---|

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Martin Luther King, Jr. Federal Building<br>50 Walnut Street<br>Newark, NJ 07102 | Courtroom: <br><br> Date and Time: |
|---|---|---|

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

           Jeanne A. Naughton, Clerk

Date: _____     By: _____
           Deputy Clerk

*rev. 1/4/17*

**Pursuant to D.N.J. LBR 9019-2, Mediation: Procedures, there is a presumption of mediation in all adversary proceedings. For more information regarding the mediation program see the related Local Rules and forms on the Court's web site: njb.uscourts.gov/mediation.**